# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| TONY A. PASSAFUME, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:13-CV-960 JVB |
| | ) | |
| CAROLYN COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Tony A. Passafume applied for Disability Insurance Benefits and Supplemental Security Income on March 10, 2009, alleging a disability onset date of October 25, 2008. (Tr. 18). After some back and forth, his application was denied by an Administrative Law Judge, and the Appeals Council declined to review the ALJ's decision. (Tr. 1–3). Plaintiff filed this appeal. The Court remands the case for additional consideration.

### I.

In particular, the ALJ must explain why she ignored the opinion of Dr. Roman Fillipowicz, Plaintiff's treating neurosurgeon, or explain what weight should be given to his medical opinions. A treating physician's opinion is entitled to controlling weight if the "opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(d)(2). Inconsistencies in a treating physician's opinion, whether conflicting internally or with other substantial evidence in

the record, may justify denying the opinion controlling weight. 20 C.F.R. § 404.1527(c)(2). "[M]ore weight should be given to the opinions of doctors who have (1) examined a claimant, (2) treated a claimant frequently for an extended period of time, (3) specialized in treating the claimant's condition, (4) performed appropriate diagnostic tests on the claimant, (5) offered opinions that are consistent with objective medical evidence and the record as a whole." *Roddy v. Astrue*, 705 F.3d 631, 637 (7th Cir. 2013). After evaluating these factors, if the ALJ chooses not to give the treating physician's opinion controlling weight, he is required to provide a sound explanation for his decision to reject it. *Roddy*, 705 F.3d at 636.

Dr. Roman Fillipowicz examined Plaintiff and documented various health problems. (Tr. 626). He noted that Plaintiff complained of severe neck and back pain, tingling in his arms and legs, and pain in his hips and knees. (Tr. 626). Furthermore, Dr. Fillipowicz concluded that Plaintiff injured his left palm and had dysfunction in his fourth and fifth finger. (Tr. 626). In Dr. Fillipowicz's opinion, "[Plaintiff] is certainly not a candidate for any kind of work. He used to work in the sewage department and there is no way he can do that now. He may end up having to qualify for disability…." (Tr. 626).

The ALJ did not discuss Dr. Fillipowicz's opinion, explain the weight afforded to Dr. Fillipowicz's opinion, or identify whether his opinion was accepted or rejected. (Tr. 18–30). Although the ALJ does not need to address every piece of evidence or testimony, she must address all medical opinions to comply with *Roddy*.

II.

In addition, the ALJ must reconcile the inconsistencies regarding Plaintiff's ability to use his left hand. The ALJ's RFC assessment concluded that Plaintiff could frequently handle and

finger with his left hand. (Tr. 24). Dr. Brahms concluded that Plaintiff could only occasionally handle, finger, and push/pull with his left hand and could never feel with his left hand. (Tr. 782). Although the ALJ and Dr. Brahms both concluded that Plaintiff could perform work at the light exertional level, the ALJ did not explain why she disagreed with Dr. Brahms regarding Plaintiff's ability to use his left hand. (Tr. 28). Furthermore, the VE testified that the jobs Plaintiff could perform with his RFC required the ability to frequently use both hands. (Tr. 67).

In addition, state agency medical consultants found that Plaintiff's ability to handle and finger was limited to his right hand only (Tr. 602). This conflicts with the ALJ's RFC assessment that Plaintiff could frequently handle and finger with his left hand.

### III.

While the records show many inconsistencies in Plaintiff's testimony, in light of above considerations, the ALJ should also re-evaluate Plaintiff's subjective health complaints to assess his truthfulness.

### IV.

Last, Plaintiff argues that the ALJ denied him an opportunity to confront post-hearing evidence offered by Dr. Brahms regarding his physical limitations. "The use of an adverse post-hearing report without an opportunity to cross-examine its author and to present rebuttal evidence has been held to violate a claimant's right to due process of law." *Tom v. Heckler*, 779 F.2d 1250, 1252 n.2 (7th Cir. 1985). While the Court finds no violation of due process because the ALJ did notify Plaintiff of Dr. Brahms new report, the issue is rendered moot by the fact that the case is being remanded

3

V.

The Court reverses the Commissioner's decision and remands the case for further consideration as explained above.

SO ORDERED on March 30, 2015.

                                                   s/ Joseph S. Van Bokkelen
                                                 JOSEPH S. VAN BOKKELEN
                                                 UNITED STATES DISTRICT JUDGE